## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1403-VAP (RNB) CV 08-0237-VAP (RNB) | Date | February 4, 2009 |
|---|---|---|---|

| Title | Jane Doe v. The City of Los Angeles, et al. Christian Curry v. The Los Angeles Police Department, et al. |
|---|---|

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Glover | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS)

At the December 9, 2008 status conference, the Court advised that these two cases would be consolidated for purposes of discovery.

Based on its review of the Reports of Parties Planning Meeting filed on January 30, 2009 in each case, the Court concurrently herewith is issuing a Case Management and Scheduling Order that will apply to both cases and that adopts the parties' suggested deadlines for the completion of non-expert witness discovery and the filing of substantive motions.

However, the Case Management and Scheduling Order does not purport to set trial dates or any other pre-trial dates since the scheduling of such dates will be up to the District Judge if and when each case survives the summary judgment stage and the reference of the matter to the Magistrate Judge then is vacated. For the same reason, the Case Management and Scheduling Order does not address the parties' request that Settlement Procedure No. 1 be followed.

The Court notes that, pursuant to its December 9, 2008 Minute Order, the parties' Reports were supposed to include a discussion of how the parties proposed to resolve any issues arising out of the existence of the Non-Disclosure Stipulation and Protective Order issued in Mr. Curry's criminal proceeding. Merely advising the Court that they intend to discuss this issue further at some indefinite time in the future is not sufficient. With respect to this issue, the Court therefore will now incorporate the observations that it previously shared with the parties into a ruling. As the Court previously advised, the Court does not construe the Non-Disclosure Stipulation and Protective Order as broadly as plaintiffs do. The Court construes the Non-Disclosure Stipulation and Protective Order as only applying to the use of "protected documents" (i.e., documents produced by the LAPD in the criminal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 07-1403-VAP (RNB)** **CV 08-0237-VAP (RNB)** | Date | February 4, 2009 |
|---|---|---|---|

| Title | **Jane Doe v. The City of Los Angeles, et al.** **Christian Curry v. The Los Angeles Police Department, et al.** |
|---|---|

matter) and information contained therein. The Court does not construe the Non-Disclosure Stipulation and Protective Order as applying to plaintiffs' own observations at the scene(s) of the incident(s) as they relate to plaintiffs' civil rights claim(s) or to statements either plaintiff made to the police or to evidence developed by plaintiffs' own investigator (including witness statements) in support of plaintiffs' claims in the two actions. Thus, to the extent that defendants have sought or hereafter seek such discovery from plaintiffs, plaintiffs are ordered to produce it. As the Court also previously advised, a state court judge has no authority to in effect enjoin or limit discovery in a federal civil proceeding. Thus, nothing prevents plaintiffs from invoking the discovery mechanisms of the Federal Rules of Civil Procedure to obtain from the LAPD the same "protected documents" that are the subject of the Non-Disclosure Stipulation and Protective Order if those documents are relevant to plaintiffs federal civil rights claims.


cc:    Judge Phillips



Initials of Preparer _____ klg _____