1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

9

10    JANE DOE,                                              )    **CASE NO. CV 07-1403-VAP(RNB)**
                                                            )    Hon. Virginia A. Phillips Courtroom 2 (**Riverside**)
11                       Plaintiff                          )    Hon. Robert N. Block, Courtroom 6D (**Santa Ana**)
                                                            )
12         vs.                                              )
                                                            )
13    THE CITY OF LOS ANGELES; THE                          )    Consolidated with:
      LOS ANGELES POLICE                                    )        CV 08-00237 VAP(RNB)
14    DEPARTMENT; JAMES FILLMORE                            )
      AND DOES 1-10 INCLUSIVE                               )
15                                                          )    [PROPOSED]
                       Defendants.                          )
16    _____                  )
                                                            )    **PROTECTIVE ORDER REGARDING**
17    CHRISTIAN CURRY,  Plaintiff,                          )    **DISCLOSURE OF CONFIDENTIAL**
                                                            )    **INFORMATION (SERGEANT JEANNE**
18         vs.                                              )    **HARRIS)**
                                                            )
19    THE CITY OF LOS ANGLES; THE                           )
      LOS ANGELES POLICE                                    )    DISCOVERY
20    DEPARTMENT; LAPD                                      )    CUT-OFF:           February 1, 2010
      [HOLLYWOOD DIVISION] CHIEF                            )    P.T.C. & TRIAL:  None Set
21    WILLIAM BRATTON; CLAY                                 )
      FARRELL; LaMONT JERRETT;                              )
22    JOE DUNSTER; JERRY PADILLA;                           )
      KARI HORTON; DAVID TOMILIN;                           )
23    RAYMOND CONBOY; DAVID                                 )
      TORRES; GEORGE HOOPES;                                )
24    JEANNE HARRIS; MICHAEL                                )
      OPPELT; SILVINA YNIGUEZ;                              )
25    SUSAN BRANDSTETTER; SEAN                              )
      MURTHA; MICHAEL KLEE; RUTH                            )
26    KAWKINS-YU; AARON GREEN;                              )
      JUAN SANCHEZ; KURT JIMMY                              )
27    FILLMORE.                                             )
                       Defendants
28

1

1   Pursuant to the Parties' Stipulation for Protective Order in response to the Court's

2   order of November 12, 2009.

3   A.  Defendants stipulate they will not call Los Angeles Police Department

4   ("LAPD" or "Department") Sergeant Jeanne Harris ("Sergeant Harris") to testify at the

5   time of trial in both matters, including as a rebuttal witness.  Sergeant Harris, while

6   assigned to the Los Angeles Police Department's Professional Standards Bureau, was

7   involved in the Internal Affairs investigations relating to Plaintiff Jane Doe's arrest on

8   February 28, 2005 and Plaintiff Christian Curry's arrest on January 14, 2006;

9   B.  Defendants will produce a copy of the Internal Affairs Report involving the

10   February 28, 2005 arrest of Plaintiff Jane Doe pursuant to the terms of a protective order

11   issued by the Court;

12   C.  Defendants will produce a copy of the Internal Affairs Report involving the

13   January 14, 2006 arrest of Plaintiff Christian Curry pursuant to the terms of a protective

14   order issued by the Court;

15   D.  Plaintiffs Jane Doe and Christian Curry will not take the deposition of Sergeant

16   Harris and said Plaintiffs will not make any further attempts to take the deposition of

17   Sergeant Harris pursuant to the Federal Rules of Civil Procedure, including but not

18   limited to Rules 26, 30, and 37.  Additionally, Plaintiffs will not make any further

19   attempts to conduct discovery regarding Sergeant Harris;

20   E.  If Plaintiffs wish to obtain any available recorded statement from the above-

21   referenced Internal Affairs reports, Plaintiffs shall provide payment to the Los Angeles

22   Police Department in advance thereof.  The cost of the statements will be provided to

23   Plaintiff in separate correspondence.  Any such statement which is produced shall be

24   subject to the terms of a protective order issued by the Court.

25   ///

26   ///

27

28

2

1    Since the documents (and possibly recorded statements) to be produced pursuant

2  to this Stipulation are confidential in nature, the following Good Cause Statement is

3  included herein:

4

5                              **GOOD CAUSE STATEMENT**

6       1.  In accordance with the above-referenced agreement, the City of Los Angeles

7  has agreed to produce copies of the following documents following the issuance of a

8  protective order in this matter:

9       a)  The LAPD's Internal Affairs Investigation Report (and the attached addenda)

10          relating to the arrest of Plaintiff Jane Doe on February 28, 2005; and,

11      b)  The LAPD's Internal Affairs Investigation Report (and attached addenda)

12          relating Plaintiff Christian Curry's arrest on January 14, 2006

13      2.  The Los Angeles Police Department conducts internal administrative

14  investigations of Officer Involved Uses of Force and Complaint Investigations

15  (hereinafter "Administrative Investigations") and also maintains a personnel file on its

16  officers which includes personnel training information.  Once an Administrative

17  Investigation is initiated, a formal investigation number is prepared.  Such investigations

18  are reviewed by appropriate command officers in the Department.  This review has

19  several purposes:  (1) to determine whether the involved officers violated any

20  Department policies or procedures; (2) to determine whether administrative discipline

21  and/or retraining of the involved officers is necessary; and (3) to ascertain if police

22  policies and procedures in such areas as supervision, training, tactics, policies, etc.

23  should be modified.  Administrative Investigations are an essential aid to providing

24  critical evaluation of Department officers and policies, and to determine the most

25  effective way to serve the citizens of Los Angeles.

26      3.  The Department strives to maintain the confidentiality of an officer's personnel

27  package and Administrative Investigations, and the information contained therein, in

28  recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and

1 | 832.8 and 1040 et al. of the California Evidence Code. Just as officer's personnel
2 | package is maintained as confidential, so too are the Administrative Investigations
3 | involving a particular officer(s). Administrative Investigations, like an officer's
4 | personnel package, include information which is both personal in nature and could
5 | potentially impact the liberty interests of the involved police officers and/or civilians
6 | named within. The information obtained from personnel packages and Administrative
7 | Investigations can, and have been used to initiate disciplinary action against officers, as
8 | well as evidence in disciplinary proceedings where the officer's conduct was considered
9 | to be contrary to Department policy. At this time, the parties have agreed that certain
10 | Administrative Investigation information will be provided pursuant to the terms set forth
11 | in this Protective Order, as well as the underlying Use of Force Report & Complaint
12 | Investigation Materials. As a result, the parties have agreed to this Proposed Protective
13 | Order covering these records for the following Good Cause reasons:

14 |      4. Administrative Investigations are maintained as confidential reports and are
15 | considered part of the individual officers' personnel record. Administrative
16 | Investigations include information which is both personal in nature and could potentially
17 | impact the liberty interests of the involved police officers and/or civilians named within.
18 | The information obtained from Administrative Investigations can and have been used to
19 | initiate disciplinary action against officers and as evidence in disciplinary proceedings
20 | where the use of force or tactics used were considered to be contrary to Department
21 | policy.

22 |      5. Unfettered release of Administrative Investigations have the potential for
23 | untold negative results. In terms of societal interests, it would inhibit the Department's
24 | ability to frankly engage in critical self-analysis. Public exposure of many
25 | Administrative Investigations could severely threaten the safety and well-being of the
26 | individuals, their families and associates. Many Administrative Investigations include
27 | embarrassing facts. At a minimum, disclosure of an entire Administrative Investigation
28 | would cause needless intrusion of privacy rights and have a negative effect on the

1 Department's effort to conduct these important investigations.  Indeed, for all of these

2 reasons, persons interviewed by Investigators are advised that their statements are being

3 taken for the confidential use of the Department.

4      6.   The materials and interview statements of Administrative Investigations are

5 maintained in protected files in order to maintain their confidentiality.  They are not

6 routinely shown to other city departments.  Even then, information which is not clearly

7 relevant to the rationale governing the request is redacted to ensure the utmost regard for

8 the privacy rights of the mentioned within a given report.  The reports are not available

9 to the general public except by court order.  In all instances, the Department requests <u>in</u>

10 <u>camera</u> hearing to determine the relevance for releasing all or part of a given report,

11 again to ensure the constitutionally protected privacy rights of those named or otherwise

12 identified within the body of the report.

13      7.   In each case involving court-ordered disclosure of information from a

14 Administrative Investigation sought in state or federal court, it is Department policy to

15 seek a protective order limiting use of the information to the case at trial and identifying

16 those persons who may properly be granted access to the information.  Absent a

17 protective order, it becomes unrealistic to conceive that the large numbers of attorneys,

18 secretaries, law clerks, paralegals and witnesses involved in many cases will be able to

19 maintain proper confidence of personal, private material absent an order which clearly

20 delineates their responsibilities.  The orders further request that said records be returned

21 to the Department after the case has terminated, either by final judgment or otherwise.

22 This request serves to ensure that intrusion into the privacy and employment rights of

23 those involved is limited to the particular case in which the facts are relevant.

24      8.   Even with a carefully written protective order, the release of portions of an

25 Administrative Investigation, without prior judicial review to determine relevancy and

26 assess privacy concerns, ignores the constitutional protection given to individual privacy

27 under the United States and California Constitutions and which a third-party such as the

28 Department is obligated to assert.  The issuance of an appropriate protective order makes

1  certain that these privacy concerns are not compromised beyond that degree necessary to

2  the issues before the court.  Accordingly, on behalf of the Los Angeles Police

3  Department and those persons identified within a given Administrative Investigation, the

4  Defendants respectfully request these procedural protections in the instant case.

5       9.   Accordingly, the parties hereby stipulate that the above-referenced Internal

6  Affairs Investigations and Use of Force Investigation are confidential in nature and are

7  appropriately produced pursuant to a protective order.  (See *Soto v. City of Concord*, 162

8  F.R.D. 603, 616 (N.D. Cal. 1995.))

9                          **TERMS OF THE PROTECTIVE ORDER**

10      10. If the Protective Order is issued, Defendants will produce the above-referenced

11  documents wherein the documents will be marked in one of the following ways:

12  "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective

13  Order" or words of similar effect.  Documents, writings, or other tangible items, so

14  designated, and all information derived therefrom (hereinafter, collectively referred to as

15  "Confidential Information"), shall be treated in accordance with the terms of this stipulation

16  and protective order.

17      11. Confidential Information may be used by the persons receiving such information

18  only for the purpose of this litigation.

19      12. Subject to the further conditions imposed by this stipulation, Confidential

20  Information may be disclosed only to the following persons:

21      (a) Counsel for the parties, parties, and to experts, investigators licensed by the State

22          of California, paralegal assistants, office clerks, secretaries and other such

23          personnel working under their supervision.

24      (b) Such other parties as may be agreed by written stipulation among the parties

25          hereto, or by Court order.

26  ///

27

28

13. Prior to the disclosure of any Confidential Information to any person described in paragraph 12(a) or 12(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order.  I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

14. Upon the dismissal of either Plaintiff Jane Doe's action and/or Plaintiff Christian Curry's action or the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendants City of Los Angeles through the City Attorney's Office.

15. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

16. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal either pursuant to Ex Parte Application and Order of the Court or Stipulation of the parties and Order of the Court. (Local Rule 79-5, et seq.).   If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal. In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.

17. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings.  To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

18. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

19. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 12( herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure

of confidential or private information which is not the subject of this Stipulation and protective order.  Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition.  This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

20. Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions.

21. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document.  Defendants will lodge this executed Stipulation and the Proposed Protective Order with the Court for approval.

**IT IS SO ORDERED.**

Dated: <u>January 13, 2010</u>

_____

*Honorable Robert N. Block*, Magistrate Judge
United States District Court