
By Pltf

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☐ U.S. District Judge / ☒ U.S. Magistrate Judge ~~~~ VAP

From: Rolls Royce Paschal, Deputy Clerk    Date Received: 2-10-10

Case No.: CV07-1403 VAP(RNB)    Case Title: Jane S. Doe v. The City of L.A. et al.

Document Entitled: Ex Parte Notice of Plaintiff's application & Order Shortening time for hearing on Motion for District Court order.

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1    Document not legible
☐ Local Rule 11-3.8    Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-4.1    No copy provided for judge
☐ Local Rule 19-1      Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1      Proposed amended pleading not under separate cover
☐ Local Rule 11-6      Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8      Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1     No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1       Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1      Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2      Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1    Notice to other parties of ex parte application lacking
☐ Local Rule 16-6      Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)      No proof of service attached to document(s)
☒ Other: Proposed Order lacking

FILED
CLERK, U.S. DISTRICT COURT
FEB 16 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                     U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

2/16/10                  _____
Date                     U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**JANE S. DOE**
**CHRISTIAN L. CURRY**
12400 Laurel Canyon Blvd
Suite #402
Studio City, California 91604
Telephone: (310) 226-7133   Facsimile: (323) 389-1631
E-mail: janeandlamont@yahoo.com; christian@curryenterprises.com

Plaintiff(s) **JANE S. DOE AND CHRISTIAN L. CURRY**, as *in propria persona*



## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JANE S. DOE,<br><br>   Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES, et al.<br><br>   Defendants.<br><br>CHRISTIAN L. CURRY,<br><br>   Plaintiff,<br>vs.<br><br>THE LOS ANGELES POLICE DEPARTMENT, et al.<br><br>   Defendants. | CASE NOS. CV 07-1403 VAP (RNB)<br>              CV 08-0237 VAP (RNB)<br><br>*Honorable Virginia A. Phillips*<br>    *Courtroom 2 (Riverside)*<br>*Honorable Robert N. Block*<br>    *Courtroom 6-D (Santa Ana)*<br><br>DISCOVERY MATTER<br><br>***EX PARTE* NOTICE OF PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR DISTRICT COURT ORDER:**<br><br>**1. STAYING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF JANE DOE, PENDING DISTRICT COURT REVIEW;**<br><br>**2. VACATING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF JANE DOE;**<br><br>**3. VACATING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER FORFEITING THE DEPOSITION OF LAPD OFFICER DEFENDANT SARITA WILLIAMS;**<br><br>**4. VACATING THE MAGISTRATE** |

1

|  | ) COURT'S JANUARY 21, 2010 ORDER |
|---|---|
|  | ) FORFEITING THE DEPOSITION OF |
|  | ) LAPD OFFICER BRETT GOODKIN; |
|  | ) |
|  | ) 5. COMPELLING THE DEPOSITION OF |
|  | ) LAPD OFFICER DEFENDANT KURT |
|  | ) JIMMY FILLMORE; |
|  | ) |
|  | ) DECLARATION OF PLAINTIFFS JANE |
|  | ) S. DOE AND CHRISTIAN L. CURRY |
|  | ) |
|  | ) *F.R.C.P 30; Local Rule 7-19* |
|  | ) |
|  | ) Discovery Cut Off Dates: 2/1/2010 |
|  | )                                              3/1/2010 |
|  | )                                              3/10/2010 |
|  | ) Pre-Trial Conference:   NONE SET |
|  | ) Trial Date:                    NONE SET |

**TO THE HONORABLE VIRGINIA A. PHILLIPS, THE HONORABLE ROBERT N. BLOCK, DEFENSE COUNSEL SUREKHA A. PESSIS, AND ALL DEFENDANTS:**

On January 14, 2010, the Honorable Magistrate Court imposed financial sanctions in the amount of $500, to be paid by plaintiff Jane S. Doe, to the LA City Attorney's Office and lead defense counsel Surekha Arun Pessis, Esq., of the *LAPD Police Litigation Division.* On the same date, the Magistrate Court also excused the deponent (LAPD officer defendant Sarita Williams), and deemed plaintiffs' right to take her deposition as forfeited, based on the supposed failure of plaintiffs to timely appear at 9:15a.m.

On January 21, 2010, the Magistrate Court further penalized (both) plaintiffs when it excused the deponent (LAPD Hollywood Division Officer Brett Goodkin), and also deemed plaintiffs' right to take his deposition as forfeited, this time based on the tardiness of the Court-imposed videographer.

Within the [subsequently following] meet and confer session (conducted under the Court's auspices), the Magistrate Court advised plaintiff Doe that it would NOT be inclined to entertain her Motion to seek leave for an Order compelling another session of the (defendant Fillmore) deposition, due to the fact that plaintiff Doe had not left sufficient time to prepare a Joint Stipulation in accordance with *Local Rule 37-2* and then have the motion filed and heard sufficiently in advance of the existing discovery cut-off date, for a further deposition session to take place by that date. The Magistrate Court extended the deadline for initial expert disclosures from February 1, 2010 to March 22, 2010, and also extended the non-expert discovery date, for the specific purposes of granting the parties' request that the two remaining depositions which the Court had exempted from the original February 1, 2010 deadline [that of plaintiff Jane Doe and LA County Deputy District Attorney Matthew M. Vodnoy] be completed absent of any undue pressure. As noted, plaintiff Jane Doe's deposition has been scheduled for March 10, 2010, and the date for Vodnoy's has yet to be officially determined.

Pursuant to *Rule 30* of the *Federal Rules of Civil Procedure*, and also in accordance with *Local Rule 7-19*, plaintiffs Jane S. Doe and Christian L. Curry [hereinafter "plaintiffs"], acting *in propria persona*, hereby jointly submit this *Ex Parte* Notice of application, [and directly to the Honorable Virginia A. Phillips], for District Court review of the above-identified Magistrate Court Orders, and jointly move for the following:

1. An Order shortening time for the District Court's setting of a hearing on plaintiffs' (below identified) application for the following District Court Orders:

2. An Order staying the Magistrate Court's [January 14, 2010] Order, setting the amount of monetary sanctions awarded to defense counsel Surekha A. Pessis, against plaintiff Jane S. Doe, while such Order is under District Court review;

3. An Order vacating the Magistrate Court's [January 14, 2010] Order, setting the amount of monetary sanctions awarded to defense counsel Surekha A. Pessis, against plaintiff Jane S. Doe;

   4. An Order compelling another session of LAPD Hollywood Division officer defendant Kurt Jimmy Fillmore's deposition;

   5. An Order vacating the Magistrate Court's [January 14, 2010] Order, forfeiting plaintiffs' right to depose LAPD officer defendant Sarita Williams;

   6. An Order vacating the Magistrate Court's [January 21, 2010] Order, forfeiting plaintiffs' right to depose LAPD Hollywood Division officer Brett Goodkin.

   Plaintiffs seek such *ex parte* relief out of an elevated abundance of caution, due to the fact that (if applicable), any regularly-noticed *Local Rule 37-2* Joint Stipulation/Motion to Compel would be implausible in light of the most recent (but partially amended, as described above) February 1, 2010 discovery cut-off date; however, such *ex parte* relief perhaps may not be necessary in light of the Court's flexibility in acquiescing to the parties' mutual requests and expressed needs.   This herein notice of motion is being [jointly] filed in furtherance of plaintiffs' attempt to (both) conserve judicial resources, and also towards attempting to prevent the duplicative presentation of any argument, etc.

   GOOD CAUSE EXISTS for such *ex parte* application, because the relief sought is equitable and fair for all parties involved; and the District Court possesses the authority and discretion to do so. In *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979), the Appellate Court held that "[a] trial court may ... find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case".... "The power to stay proceedings does not require independent statutory authority, but is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (see also *Merritt-Chapman & Scott Corporation v. Pennsylvania Turnpike Commission*, 387 F.2d 768, 773 (9th Cir. 1967)). Because a District Court has the power and authority to stay any proceedings based on

fairness and efficiency, it follows that the District Court would also have the power and authority to stay and/or vacate any Orders previously issued by the Magistrate Court.

Plaintiffs Doe and Curry are entitled to the "emergency" relief for which they seek, and also are without fault in the creation of such [dire] discovery-afflicted emergency. (see *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Furthermore, plaintiffs can demonstrate that (without such *ex parte* emergency relief), their discovery efforts would surely be prejudiced, and irreparably; for the Magistrate Court's [over-punitive] imposition of sanctions has led to the condemning forfeiture of plaintiffs' right to conduct the depositions of THREE CRUCIAL WITNESSES, 2 of which are direct, named LAPD officer defendants [Sarita Williams and Kurt Jimmy Fillmore]. The lone remaining "excused" deponent (LAPD Detective Brett Goodkin ) is no less relevant to plaintiff Curry's discovery efforts, for Detective Goodkin WOULD have been originally named as an individual defendant, if his proudly publicized role as *"Face"* of the banned and outlawed Hollywood Division *"HAT SQUAD UNIT"* had been known to plaintiffs at the time of filing, etc.

Detective Goodkin has been recently able to comfortably arrange, schedule, and complete (no less than) 48 television, newspaper, and/or internet-based sit-down interview sessions, six of them appearing on CBS's highly-rated prime-time programs [*Entertainment Tonight* and *The Insider*], and all within the past three months, etc. Therefore, plaintiffs hold the position that if Detective Goodwin could routinely partake in such glamorous activities [which oftentimes entailed his self-promoting 'prime-time TV' comparisons between himself and the renown [Sherlock-Holmes], when describing his (and his Hollywood Division **"*Hat Squad Unit's*"**) detective skills], then he would not have suffered any undue burden nor hardship if made to wait in Courtroom 6-D on January 21, 2010, for just those 12 to 15 additional minutes,  for the (already at that time verified) arrival of the videographer, who had generously and graciously agreed to step

in at the very last minute, and who had been provided with less than forty minutes of advance notice.

Plaintiffs, as demonstrated, would be highly prejudiced should the District Court fail to grant them the relief which they seek, for the denial of plaintiff Curry's right to depose the very officer who "captained" the abusive (recently outlawed and disbanded) Hollywood Division "*Hat Squad* wrecking crew" that led the conscious-shocking charge towards Curry's (documented) bone-fracturing December 20, 2006 seizure, would be an abhorrent travesty of justice , and unintentionally caused by the (from information and belief) drenching rain-storm, which temporarily put a damper on highway transportation, that supposedly hindered the originally-scheduled [December 21, 2010] videographer into canceling for the day.

Not only are the issues surrounding the three aforementioned witness "excusals" critically important to plaintiffs' discovery efforts, but they involve controlling questions of law wherein there is substantial ground for the difference of opinion; as such, an immediate review and vacate Order issued by the District Court could materially advance the ultimate termination of this litigation. (see *Title 28, Section 1292(b)*). Furthermore, plaintiffs can provide evidence and argument that would put them in the ballpark to successfully prevail on the merits of their motion, as shown in *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)]. In addition, any District Court/Ninth Circuit review could possibly raise some serious legal questions of public importance, and that the balance of hardships tips sharply in plaintiffs' favor. (*E.g. Golden Gate Restaurant Association v. City &County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008)).

Most importantly, however, plaintiffs can emphatically prove that any unintended tardiness (although brief in its duration) was NOT deliberate nor willful, but instead significantly curtailed and mitigated, the results of plaintiffs' rigorous and quick-thinking "damage-control" actions, when initially it appeared physically impossible to scramble, locate, and ensure the timely January 21, 2010 Courtroom 6-D arrival of the replacement

for the original [six-o'clock-in-the-morning-afraid-of-the-rain- cancelling] videographer. No 'bad-faith' misconduct on the part of (either) plaintiff was responsible for any benign non-compliance with the Magistrate Court's August 25, 2009 Order. (see *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001), within which the *Ninth Circuit* ruled that "mere recklessness, without more, does not justify sanctions under a court's inherent power. But …..sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.").

Furthermore, plaintiff Curry's January 21, 2010 tardiness was initially excused by the Court as having been caused by "*circumstances which were beyond his control*"; therefore, plaintiffs are baffled by the Honorable Court's conflicting and inconsistent (time-mandated) "edicts", for which (not even) an eyelash-sized trace of willful or bad-faith misconduct has led to the unduly harsh (and irreparable) imposition of sanctions, which have deprived plaintiffs of a "level playing field" of discovery, necessary to effectively litigate their claims at trial.

The self-admissions of defense counsel Surekha Arun Pessis even point to the improper and premature imposition of the related sanctions, for no evidence exists whatsoever of any defendant (or defense counsel) of being harmed nor prejudiced in any fashion, as a result of plaintiffs' actions; in fact, defense counsel Pessis has already acknowledged that she perhaps may have even benefitted from plaintiffs' actions, in light of her pre-determined decision (on both occasions) NOT to leave the Santa Ana courthouse and return to her downtown LA office; but instead (and as admitted by her to the Court, twice) venture home early for some much needed relaxation, etc.

Plaintiffs respectfully request that they be afforded the opportunity to orally argue their positions at a hearing on this Notice and (subsequently-filed) Application with Memorandum of Points and Authorities in Support. As noted, plaintiffs have chosen NOT to file such Memorandum at this time, so that the Honorable Courts (and related parties) be provided such notice, and as quickly as possible, without any undue delay.

Defense counsel Pessis was provided notice of plaintiffs' *ex parte* application via a January 26, 2010 conversation that took place amongst the parties, following plaintiffs' taking of the deposition of LAPD officer defendant Juan Sanchez-Lopez. Ms. Pessis had also been provided telephonic notice (specifically with regards to the Fillmore deposition issue), on Wednesday, January 13, 2010, at approximately 11:19 am. Most recently, defense counsel Pessis was (once again) informed [via email] at 6:09 pm on Tuesday, February 2, 2010, within which she was also provided a (draft) copy of this instant Notice. In response, Ms. Pessis admonished plaintiffs (also by email) for filing this instant *ex parte* application during her (unrelated) trial, and (more specifically) for "prejudicing her (other LAPD) clients". In response, plaintiff Jane Doe informed Ms. Pessis that (out of respect for her trial duties), plaintiff would request that the District Court NOT rule on this instant *ex parte* application/motion until AFTER Ms. Pessis' trial had concluded, after which Ms. Pessis could have adequately presented her Objections to such.

Plaintiffs shall submit this Notice before (both) the Honorable Robert N. Block and the Honorable Virginia A. Phillips in Riverside, Ca. The *ex parte* application shall be based upon this herein notice, on the memorandum of points and authorities [to be subsequently (but imminently) filed], on the declaration of plaintiff Jane S. Doe (and conjoined with plaintiff Christian L. Curry's blessing), on all of the pleadings and files within corresponding *U.S.D.C. Cases CV 07-1403 VAP(RNB), CV 08-0237 VAP(RNB), and CV 07-7802 VAP(RNB)*, on any such additional evidence that may be subsequently presented, and on any argument or evidence that may be presented at the hearing on the motion.

Respectfully submitted,

DATED: February 3, 2010

By ___/s/ Jane S. Doe___    ___/s/___

JANE S. DOE    CHRISTIAN L. CURRY,

Plaintiffs, as *in propria persona*

## DECLARATION OF PLAINTIFF JANE S. DOE

I, JANE S. DOE, declare as follows:

1. I am the plaintiff, acting *in propria persona* within the action entitled *Jane Doe vs. The City of Los Angeles, et al., U.S.D.C. case # 2007-cv-1403 VAP (RNB)*. I write this declaration in support of plaintiffs' concurrent and jointly filed *Ex Parte* Notice of Application, to be served upon the Honorable Virginia A. Phillips, for an Order staying (and subsequently vacating) the January 14 and 21, 2010 Orders issued by the Honorable Magistrate Judge Robert N. Block. Out of an abundance of caution, plaintiffs respectfully request that the District Court temporarily refrain from issuing any disposition (in response to this herein *ex parte* application) until plaintiffs have submitted, served, and filed their (Joint) Memorandum of Points and Authorities, along with the necessary evidentiary support that shall corroborate plaintiffs' multiple arguments.

2. For purposes of efficiency, plaintiffs have chosen (at this time) to file this Notice; however, the corresponding Memorandum of Points and Authorities [with accompanying exhibits and declarations, etc.] shall follow shortly. Plaintiffs also request the opportunity to orally address the District Court at [any] hearing which may be subsequently scheduled to adjudicate the issues presented within, if applicable. Plaintiffs shall submit a copy of this Notice (and subsequent application) to (both) the Honorable Magistrate Judge Robert N. Block (in Santa Ana), and also to the Honorable District Court Judge Virginia A. Phillips (in Riverside). Except for those matters which I identify as being derived from information and belief, I have personal knowledge of the facts set forth within this declaration; and if called as a witness, I could and would testify competently thereto.

3. On Wednesday, January 13, 2010, I (plaintiff Jane S. Doe), informed lead defense counsel, Ms. Surekha Arun Pessis, Esq. of my intention to seek the Court's assistance in ordering the continuation of LAPD defendant officer Kurt Jimmy Fillmore's deposition. Such occurred during the parties' final telephonic meet and confer session, conducted at plaintiffs' request, for their good-faith attempt towards the informal resolution of several outstanding discovery issues, without the need for judicial intervention, as required by *Local Rule 37-1*.

4. In response, Ms. Pessis expressed her opposition to my request.

5. On January 26, 2010, I, along with plaintiff Christian L. Curry [of corresponding *U.S.D.C. case# 2008-cv-0237 VAP (RNB)*] advised Ms. Pessis that both plaintiffs would be requesting *ex parte* relief for several District Court Orders, to be submitted directly to the Honorable Virginia A. Phillips, one specifically staying the Magistrate Court's January 14, 2010 sanctions Order, which directed me to pay $500 to defense counsel Surekha A. Pessis, Esq., pending District Court review.

6. Plaintiffs also informed Ms. Pessis of our intent to seek *ex parte* relief by way of an application for an additional Order vacating the aforementioned $500 sanctions imposition. Plaintiffs additionally informed Ms. Pessis of our intent to seek (also) a [District Court] Order vacating the Magistrate Court's January 14 and 21, 2010 Orders, which forfeited plaintiffs' right to conduct the depositions of LAPD officer defendant Sarita Williams, LAPD Detective Brett Goodkin, and [with regards to me personally], LAPD Hollywood Division officer defendant Kurt Jimmy Fillmore.

7. Such conversation took place at the Federal Courthouse in Santa Ana, following plaintiffs' taking of the January 26, 2010 deposition of LAPD officer defendant Juan Sanchez-Lopez. Although Ms. Pessis did not initially object to plaintiffs' requests [with any discernible and/or identifiable rhetoric], Ms. Pessis eventually responded that she

simply was *"way too busy with other clients, so it will have to wait until sometime later in March, after I'm done with the two trials I have on my plate right now – the first one starting on February 2, in front of Judge Walsh, and the other which is supposed to start on February 23, in front of Judge Walter; so I just don't have time to deal with this right now..."*

8. Both I (plaintiff Jane Doe), and also plaintiff Christian L. Curry deemed and considered such verbal exchange to be (also) that of an Objection, from information and belief; however, plaintiffs (again) provided additional notice (out of an abundance of caution) on Tuesday, February 2, 2010 at approximately 6:10 p.m. Within such [notice], plaintiffs provided a draft copy of this instant Notice; whereupon Ms. Pessis admonished scolded plaintiffs for filing such *ex parte* application when she was currently on trial, defending other LAPD clients. Ms. Pessis vigorously objected (not necessarily to the *ex parte* application itself) but more to the fact that plaintiffs were *"violating the rules of civility"* by *"prejudicing"* her LAPD *"clients"*....(see **Exhibit A**, a true and correct copy of such email correspondence).

9. In sincere respect for defense counsel Pessis' trial duties, plaintiffs Jane Doe and Christian L. Curry request that the District Court NOT issue a ruling (on this herein Notice/Application) until AFTER the conclusion of Ms. Pessis' trial, and AFTER Ms. Pessis has had an opportunity to adequately prepare and present her Objections, if applicable.

I declare under penalty of perjury under the laws of the United States of America, and also the State of California, that the foregoing is true and correct.

Executed on February 3, 2010, at Los Angeles, California

By: /s/ Jane Doe
**JANE S. DOE**

By: /s/ Christian L. Curry
**CHRISTIAN L. CURRY**

**Plaintiffs**, as *in propria persona*

# EXHIBIT

# A



Rebecca Ann Brokenbush <beckybrokenbush@gmail.com>

# EX PARTE NOTICE OF PLAINTIFFS' APPLICATION FOR DISTRICT COURT REVIEW, AND FOR STAYS AND VACATES OF MAGISTRATE SANCTION ORDERS

**Surekha Pessis <Surekha.Pessis@lacity.org>**  Tue, Feb 2, 2010 at 7:04 PM
To: Rebecca Ann Brokenbush <beckybrokenbush@gmail.com>
Cc: Christian <christianleigh2000@yahoo.com>, janetosurekha@yahoo.com

Christian and Jane,

You did not provide notice of this ex parte application and I am in trial, which started today. My trial date was previously provided to you on several occasions and this appears to violate the rules of civility. I am preparing to examine multiple witnesses today and you are prejudicing my clients by filing this application.

I expect to be in trial well into next week.

Surekha

********** Confidentiality Notice ************
This electronic message transmission contains information from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner. (v1.5)
******************************************

>>> Rebecca Ann Brokenbush <beckybrokenbush@gmail.com> 2/2/2010 6:09 PM >>>

## PROOF OF SERVICE

I, Rebecca Ann Brokenbush, hereby declare as follows:

I am over the age of 18 years, and not a party to this within action. My business address is 3940 Laurel Canyon Blvd, Suite 402, Studio City, Ca 91604, which is located in the county where the mailing (and emailing) described below took place.

On February 6, 2010, I served the foregoing document(s) described as:

*EX PARTE* **NOTICE OF PLAINTIFFS' APPLICATION FOR ORDER: 1. SHORTENING TIME; 2. STAYING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF JANE DOE, PENDING DISTRICT COURT REVIEW; 3. VACATING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF JANE DOE; 4.VACATING THE MAGISTRATE COURT'S JANUARY 14, 2010 ORDER FORFEITING THE DEPOSITION OF LAPD OFFICER DEFENDANT SARITA WILLIAMS; 5. VACATING THE MAGISTRATE COURT'S JANUARY 21, 2010 ORDER FORFEITING THE DEPOSITION OF LAPD OFFICER BRETT GOODKIN; 6. COMPELLING THE DEPOSITION OF LAPD OFFICER DEFENDANT KURT JIMMY FILLMORE; DECLARATION OF PLAINTIFFS JANE S. DOE AND CHRISTIAN L. CURRY**

upon the below interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope, postage prepaid, and addressed as follows:

**Surekha Arun Pessis, Deputy City Attorney, 200 North Main St, 600 City Hall East, Los Angeles, Ca 90012;**
**Telephone: (213) 978-7036; Email:** *Surekha.Pessis@lacity.org*

[X] **BY EMAIL** : via previous stipulated arrangement, any (and all) pleadings can be served upon defense counsel Surekha Arun Pessis by fax and/or email transmission.

I declare under penalty of perjury under the laws of the United States of America, and also the State of California, that the foregoing is true and correct.

Executed on February 6, 2010, at Los Angeles, California.

_____
REBECCA   ANN   BROKENBUSH