UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | March 22, 2010 |
|---|---|---|---|

| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. |
|---|---|

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Glover | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS)

## Deposition of LA County Deputy District Attorney Matthew M. Vodnoy

On February 24, 2010, the Court ordered plaintiffs to show good cause in writing on or before March 11, 2010 why (a) the Court should not deem their failure to appear for the Vodnoy deposition on the date specified in the subpoena a forfeiture of any right to take the deposition, and (b) the Court should not sanction them in an amount sufficient to compensate both defendants' counsel and Vodnoy's counsel for their time expended in connection with the February 24, 2010 proceedings (including travel time).

Based on plaintiffs' failure to file a response to the order to show cause within the allotted time, the Court issued a Minute Order on March 12, 2010 wherein the Court advised that it was (a) deeming plaintiffs' failure to appear for the Vodnoy deposition on the date specified in the subpoena a forfeiture of any right to take the deposition, and (b) deeming plaintiffs' failure to file a response to the order to show cause within the allotted time as an admission by plaintiffs that good cause does not exist for why the Court should not sanction them in an amount sufficient to compensate both defendants' counsel and Vodnoy's counsel for their time expended in connection with the February 24, 2010 proceedings (including travel time).

Without proffering any explanation or excuse for their untimeliness, both plaintiffs purported to file declarations in response to the order to show cause on March 17, 2010. Defendants have filed an objection to plaintiff Christian Curry's response based inter alia on its untimeliness and have requested that the response be stricken.

Based on their untimeliness, the Court does not believe it is under any obligation to consider either response.  Nevertheless, the Court has reviewed both responses.  Nothing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | March 22, 2010 |
|---|---|---|---|

| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. |
|---|---|

contained in plaintiff Curry's response causes the Court to change its prior ruling regarding the forfeiture of the Vodnoy deposition and the imposition of sanctions to compensate both defendants' counsel and Vodnoy's counsel for their time expended in connection with the February 24, 2010 proceedings (including travel time). Plaintiff Curry seems to have forgotten that the Court's August 25, 2009 Minute Order provided in pertinent part:

> *All remaining depositions will take place in the Santa Ana courthouse in one of the witness rooms adjacent to Courtroom 6D, on dates to be precleared with the courtroom deputy, and will commence at 9:30 a.m. This means that all party witnesses will need to be noticed to appear and all non-party witnesses will need to be subpoenaed to appear at 9:15 a.m., at which time the case will be called and the Court will take the bench. Anyone who is not here when the Court takes the bench at 9:15 a.m. will be monetarily sanctioned. And, if the examiner is not here on time, the witness will be excused and the right to take that deposition will be deemed forfeited.*

The Court concurs with defendants' counsel that most of the matter addressed in plaintiff Curry's response (e.g., his post-February 24, 2010 "investigation" of the schedules of Vodnoy and his counsel) is completely irrelevant. What is relevant is the following. Plaintiff Curry e-mailed to defendants' counsel and Vodnoy's counsel a deposition subpoena on Friday, February 19, 2010, purporting to set the deposition of Vodnoy for February 24, 2010 at 9:15 a.m. The full sequence of e-mails, which plaintiff Curry neglected to attach to his response but defendants' counsel has provided in her declaration filed on March 19, 2010, reflects (a) that plaintiff Curry's assistant sent an e-mail to Vodnoy's counsel at 6:20 p.m. on February 20, 2010 inquiring whether the February 24 subpoena date was acceptable; (b) that Vodnoy's counsel responded at 10:21 a.m. on February 22, 2010 that she had not yet had a chance to contact Vodnoy to ascertain his availability for February 24; (c) that, at 11:08 a.m., Vodnoy's counsel followed up with an e-mail advising that she was still "trying to clear schedules to go forward this Wednesday," to which plaintiff Curry's assistant responded at 11:26 a.m., "[Y]es, thank you, shall be anxiously waiting"; (d) that, at 12:18 p.m., Vodnoy's counsel advised, "We are available to go forward on Wednesday as scheduled"; (e) that plaintiff Curry's assistant responded at 2:48 p.m., "[G]ood, I will check with defense counsel [P]essis, in addition to the clerk to verify"; and (f) that, at 3:35 p.m. on February 22, 2010, defendants' counsel confirmed in response to an e-mail from Vodnoy's counsel that the February 24 date was fine with her. Thus, as of 3:35 p.m. on Monday,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 07-1403-VAP (RNB)** <br> **CV 08-0237-VAP (RNB)** | Date | March 22, 2010 |
|---|---|---|---|

| Title | **Jane Doe v. The City of Los Angeles, et al.** <br> **Christian Curry v. The Los Angeles Police Department, et al.** |
|---|---|

February 22, 2010, all of the concerned parties had confirmed that the Vodnoy deposition would be going forward on the date and time specified in the subpoena. While plaintiff Curry's assistant initiated a further exchange of e-mails the next day about the possibility of moving the deposition to Thursday, both defendants' counsel and Vodnoy's counsel made clear that they (and Vodnoy) were not amenable to changing the date. Indeed, at 6:33 p.m. on February 23, 2010, in response to an e-mail from Vodnoy's counsel reiterating that she and Vodnoy had cleared their schedules to appear on the subpoenaed date and were unavailable on Thursday, plaintiff Curry's assistant concluded her e-mail by writing, "Once again, I apologize for the confusion, and hope to see you tomorrow morning." The e-mail from plaintiff Curry's assistant's husband advising defendants' counsel that the Vodnoy deposition was being taken off calendar and cancelled was not sent until 7:47 a.m. on February 24, 2010. By then, defendants' counsel already was on her way to Court. Likewise, Vodnoy's counsel did not receive notice that the deposition was being cancelled until she already was on her way to court.

As to plaintiff Curry, the Court's prior order therefore will stand. However, plaintiff Doe made a legitimate point in her belated response to the order to show cause. The order to show cause should not have been directed to her because the Vodnoy deposition had not been noticed by her and did not relate to any of her claims. Accordingly, the monetary sanctions that the Court will be imposing pursuant to its March 12, 2010 Minute Order and the provisions of its August 25, 2009 Minute Order will be imposed solely against plaintiff Curry.


cc:   Judge Phillips