UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1403-VAP (RNB)<br>CV 08-0237-VAP (RNB) | Date | April 13, 2010 |
|---|---|---|---|

| Title | Jane Doe v. The City of Los Angeles, et al.<br>Christian Curry v. The Los Angeles Police Department, et al. |
|---|---|

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Glover | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**       (IN CHAMBERS)

The Court notes that, while defendant City of Los Angeles has filed "Opposition to Plaintiff's Request for Clerk to Enter Default Against LAPD Officer Aaron Green," plaintiff Curry's request for the entry of Officer Green's default has not yet been received for filing.

Moreover, after reviewing the recording of the March 10, 2010 hearing, the Court is unable to reconcile a request by plaintiff Curry for the entry of Officer Green's default with plaintiff Curry's repeated acknowledgment at the March 10, 2010 hearing, both explicitly and implicitly, that service of process on Officer Green had not yet been effectuated. Indeed, plaintiff Curry advised the Court at the hearing that he had investigated the procedures and been prepared to effectuate service on Officer Green while Officer Green was stationed overseas (notwithstanding the stay), but that he ultimately had chosen not to do so because it would have been "cumbersome." If plaintiff Curry truly believed that service already had been properly effectuated, there would have been no need for him to investigate the procedures for effectuating service of process on a serviceman stationed overseas.

In the event that plaintiff Curry does purport to file his request for the entry of Officer Green's default, the default of course will be subject to being set aside on motion by defendants. Prior to determining an appropriate course of action, the Court will need more than defendants' counsel's information and belief as to Officer Green's military status, both past and present. Accordingly, within seven (7) days of the service date of this Minute Order, the City is ordered to serve and file a declaration from someone in the LAPD personnel department who can attest under penalty of perjury, based on Officer Green's personnel records, all time periods since the filing of this action (a) when Officer Green has been on leave for military duty (including in particular whether Officer Green was on leave for military duty on August 22, 2008, the date on which plaintiff Curry alleges substituted

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 07-1403-VAP (RNB)** <br> **CV 08-0237-VAP (RNB)** | Date | April 13, 2010 |
|---|---|---|---|

| Title | **Jane Doe v. The City of Los Angeles, et al.** <br> **Christian Curry v. The Los Angeles Police Department, et al.** |
|---|---|

service was properly effectuated on Officer Green), and (b) when Officer Green has been on active service as an LAPD Officer.

cc:   Judge Phillips