UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case Nos.    CV 07-01403 AJW                                    Date: October 10, 2012
             CV 08-00237 AJW

Title:   **Jane Doe v. The City of Los Angeles, et al.**
         **Christian Curry v. The Los Angeles Police Dep't, et al.**
=====================================================================
PRESENT:    HON. **ANDREW J. WISTRICH**, MAGISTRATE JUDGE

                    Ysela Benavides            _____
                    Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                                  None Present


**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO INFORM COURT OF CURRENT ADDRESS**

Plaintiffs Doe and Curry are ordered to show cause in writing no later than **October 24, 2012** why this action should not be dismissed for failure to inform the Court of their current address. Plaintiffs may attempt to show cause by filing one or more declarations under penalty of perjury, with supporting exhibits if needed.

A litigant is required to keep the court apprised of his or her current address. Failure to do so is ground for dismissal. See C.D. Cal. Local Rule 41-6[1]; Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's action under Fed. R. Civ. P. 41(b) for failure to keep court apprised of current mailing address as required by the court's local rule).

Plaintiffs' address of record is 36 West 36th Street, 6th Floor, New York, New York 10018. Court orders filed on January 17, 2012 and September 7, 2012 that were mailed to plaintiffs at their address of record were returned to the Court as undeliverable by the United States Postal Service. The United States Postal Service returned the mail with stamps stating "Return to Sender" and "Unable to Forward."

Plaintiffs must provide the Court with an address to which mail can be sent and received by plaintiffs without being returned as undeliverable. The Court should not be left in doubt about whether plaintiffs have received orders mailed to the address plaintiffs have provided.

This matter will be deemed submitted on the basis of the papers timely filed, without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local R. 7-15.

**Plaintiffs are cautioned that their failure to show cause as directed in this order within the time allowed may result in the dismissal of this action with prejudice. See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

cc:     Parties

---

[1]     Local Rule 41-6 states:

        A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.